IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIO CALDARON-BRUNO a/k/a REYNALDO LOPEZ, | ) ) ) | |
| Movant, | ) ) | |
| V. | ) ) | No. 3:16-cv-3133-K (No. 3:00-cr-266-K-23) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Movant Mario Caldaron-Bruno a/k/a Reynaldo Lopez filed a *pro se* motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. *See* Dkt. No. 2. The government moved to dismiss the motion as time-barred under 28 U.S.C. § 2255(f), *see* Dkt. No. 7, Movant failed to respond to that motion (or otherwise file a pleading in support of his Section 2255 motion), and the deadline to do so has passed, *see* Dkt. No. 4. The Court **GRANTS** the motion and **DISMISSES** the Section 2255 motion as time-barred for the following reasons.

**Applicable Background**

On September 6, 2000, Movant pleaded guilty to count one of the second superseding indictment, charging him with conspiracy to possess with intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. § 846. On April 16, 2001, he was sentenced to 327 months of imprisonment. *See* No. 3:00-cr-266-K-23, Dkt. No. 518. Defendant's sentencing range of 262 to 327 months was

driven by his total criminal history score of 13, which resulted in a Criminal History Category of VI. Thus, Movant was sentenced as a career offender under the guidelines. *See* USSG § 4B1.1. There was no direct appeal.

Through this—his initial—motion under Section 2255, filed no sooner than in June of 2016, Movant argues that an enhancement to his sentence under the guidelines no longer applies in light of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), and urges that 21 U.S.C. § 841 and § 846 are unconstitutional. His motion, however, is timely only if *Johnson*—"a substantive decision [that] has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review," *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016)—applies to his current claims, *see* 28 U.S.C. § 2255(f)(3).

**Legal Standards and Analysis**

In *Johnson*, the Supreme Court of the United States held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii)—which clause then defined a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another"—"violates the Constitution's guarantee of due process," 135 S. Ct. at 2563.

As set out above, Movant did not receive an increased sentence under the ACCA's residual clause. He instead aims his *Johnson*-based challenge at the sentencing guidelines. But in *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886 (2017), the Supreme Court unequivocally determined that *Johnson* does not apply to guidelines-

based challenges to sentences imposed under the advisory—that is, the post-*United States v. Booker*, 543 U.S. 220 (2005)—guidelines. *See Beckles*, 137 S. Ct. at 892 ("Unlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause."); *see also United States v. Martinez*, 682 F. App'x 304, 304 (5th Cir. 2017) (per curiam) (*Beckles* "squarely held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process clause.").

Nor does that Movant was sentenced under the guidelines pre-*Booker* make his current motion timely, under Section 2255(f)(3), because of *Johnson*.

"[W]hether [*Johnson*] applies to the mandatory guidelines ... is an open question." *Rayhon v. United States*, 867 F.3d 625, 629-30 (6th Cir. 2017) ("Justice Thomas, writing for the majority, explicitly and repeatedly stated that the Court was not addressing the pre-*Booker*, mandatory Guidelines scheme. And Justice Sotomayor made this point clear in her concurring opinion (without objection from the majority): 'The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] ... may mount vagueness attacks on their sentences.'" (citations omitted)).

But, because "the Supreme Court left open the question of whether" the right announced under *Johnson* applies to the pre-*Booker*, mandatory sentencing guidelines, "the Supreme Court has not 'recognized' that right." *United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017). Thus, to the extent that the timeliness of Movant's claims are based on that right, those claims cannot be timely under 28 U.S.C. § 2255(f)(3) because this action was filed within one year from the date *Johnson* was decided. *See Raybon*, 867 F.3d at 630-31 ("Raybon's untimely motion cannot be saved under § 2255(f)(3) because he 'is asking for the recognition of a new right by this court – that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines.'" (quoting *Mitchell v. United States*, No. 3:00-CR-00014, 2017 WL 2275092, at *3 (W.D. Va. May 24, 2017); collecting cases)); *Brown*, 868 F.3d at 304 ("We are constrained from reading between the lines of *Booker*, *Johnson*, and *Beckles* to create a right that the Supreme Court has yet to recognize…. [O]nly the Supreme Court can recognize the right which would render [the] motion timely under § 2255(f)(3)."); *United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir. 2018) ("The right that Mr. Greer 'asserts' is a right not to be sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines. The Supreme Court has recognized no such right. And nothing in *Johnson* speaks to the issue." (footnote omitted)); *see also Washington v. United States*, No. 3:16-cv-1598-L-BN, 2017 WL 5036640 (N.D. Tex. Sept. 26, 2017), *rec. accepted*, 2017 WL 4948995 (N.D. Tex. Oct. 31, 2017); *Givens v. United States*, Nos. A-16-CV-

515-SS & A-01-CR-212(1)-SS, 2018 WL 327368 (W.D. Tex. Jan. 8, 2018); *but see, e.g., United States v. Patrick*, No. 6:98-cr-60099-MC-1, 2017 WL 4683292, at *3 n.4 (D. Or. Oct. 18, 2017) (noting that "[t]he First, Second, Third, Fourth, Sixth, and Tenth Circuits have [ ] granted petitioners leave to file second or successive petitions challenging their mandatory-Guideline sentences based on the right recognized in *Johnson*" but observing that "[t]hese cases provide little guidance here, however, since the filing of a second or successive petition under § 2255(h)(2) is permitted upon a mere showing of "possible merit"—a relatively easy bar to clear" (citations omitted)).

Finally, "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). And Movant has not shown an entitlement to equitable tolling by, at least, alleging that "rare, exceptional, or extraordinary circumstances beyond his control … made it impossible for him to timely file" this motion. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted).

His motion is therefore time-barred, and the motion to dismiss is **GRANTED**.

**SO ORDERED.**

Signed June 20th, 2018.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE